### THE AUGUSTINE KOBBE.

### REVERE COPPER Co. *et al. v.* THE AUGUSTINE KOBBE.

*(District Court, S. D. Alabama.   January 5, 1889.)*

1. MARITIME LIENS—ADVANCES—BY CHARTERER AFTER SEIZURE.
    A claim for a sum advanced by the charterers after a vessel has been seized, and while in the custody of the court, cannot be allowed as a lien on the vessel where the advancements are not necessary for the due care and preservation of the vessel, and the charterers have actual notice of the seizure.

2. SAME—SUBROGATION.
    The charterers are, however, subrogated to the rights of the stevedore, to to whom they paid the money, and thus have a statutory lien therefor, to be satisfied out of the remnants, if any.

In Admiralty.   On claim for damages for breach of charter-party.

The damages allowed by the court after amendment of the libel were calculated on the difference in freight rates between the violated charter and the one made after the filing of the libel, but under which the cargo had actually to be shipped at an advance.   For main case, and full statement of facts, see same case, *ante,* 696.

*Pillans, Torrey & Hanaw,* for charterers Martin. Taylor & Co.

*Hamiltons & Gaillard* and others for sundry creditors, *contra.*

TOULMIN, J.   A plaintiff cannot recover as principal a sum larger than he demands by his declaration, but interest may be added if the *ad damnum* be sufficient to cover it.

I have disallowed as damages under the breach of the Kobbe charter the item of $343, advanced by libelants as charterers, and claimed as a part of such damages, because the same was advanced after the seizure of the vessel.   From the evidence it appears that this claim arose while the vessel was in the custody of the court, and, as it was not necessary for the due care and preservation of the vessel, it cannot be recognized as a lien.   *The Young America,* 30 Fed. Rep. 790.   After the seizure the contemplated voyage was broken up and abandoned.   There was then a breach of the charter-party.   After such breach Martin, Taylor & Co. had no right to increase their damages; and ought not to have increased them, (as a matter of justice,) by making further advances, and I do not think their doing so can be recognized as a lien on the vessel.   I think the principle laid down in the case of *The Young America,* 30 Fed. Rep. 790, and of the *Esteban de Antunano,* 31 Fed. Rep. 921, is a just one, and should be applied in this case to the item of $343, claimed as a part of the damages sued for.   That principle, as applied here, is that when the marshal seized and took into his possession, under process from this court, the vessel, she went into the custody of the law, and her contemplated voyage was broken up and abandoned, and thereby the authority of her owners and of their agent, the master, to thereafter affect the ship by any contract or conduct to

result in a lien on the ship, was ended. By the seizure all persons were notified of the change of control and possession. The proof shows that Martin, Taylor & Co. were actually notified. While the vessel was in the custody of the law it is doubtful whether on any account or for any service (except, perhaps, salvage or collision) any lien could arise on the vessel. I think, however, that Martin, Taylor & Co. are subrogated to the rights of the stevedore to whom they paid the money, and that they have a statutory lien therefor to be satisfied out of the remnants, if any.